UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREGOIRE P. TOURNANT,<br>TREVOR L. TAYLOR, and<br>STEPHEN G. BOND-NELSON,<br><br>　　　　　　　　　　　　Defendants. | No. 1:22-cv-4016 (LLS) |

**[PROPOSED] SCHEDULING ORDER**

Pursuant to the Court's Orders dated February 15, 2023, and March 3, 2023, the parties jointly submit this [Proposed] Scheduling Order.

1. **Date of Conference and Appearances**

   a. The scheduling conference is set for March 23, 2023, at 3:00 pm.

   b. Plaintiff Securities and Exchange Commission ("SEC") is represented by Timothy K. Halloran and Melissa J. Armstrong.

   c. Defendant Gregoire P. Tournant ("Tournant") is represented by Daniel R. Alonso, Christopher Regan, and Olivia Rauh from Orrick Herrington & Sutcliffe LLP, and Seth L. Levine and Alison Bonelli from Levine Lee LLP.

   d. Defendant Trevor L. Taylor ("Taylor") is represented by Jonathan R. Streeter and Anthony S. Kelly from Dechert LLP.

   e. Defendant Stephen G. Bond-Nelson ("Bond-Nelson") is represented by Adam S. Lurie, Douglas J. Davison, and Stephanie R. Sebastian from Linklaters LLP.

   f. The SEC and Tournant held a Rule 26(f) conference on February 22, 2023.

2. **Concise Statement of the Issues**

   a. SEC

      i. The SEC filed its Complaint against Tournant, Taylor, and Bond-

1

       Nelson, alleging seven counts of federal securities law violations based on Defendants' conduct while employed by Allianz Global Investors U.S. LLC ("AGI US") and managing AGI US's Structured Alpha funds.  *See* ECF No. 1.  Taylor and Bond-Nelson settled with the SEC as to the issues of liability and injunctive relief, with monetary remedies (*i.e.*, disgorgement, prejudgment interest, and civil penalties) to be decided by the Court on the SEC's motion.  *See* ECF Nos. 10 and 11.  Tournant has not settled with the SEC.

   ii.  Thus, the issues as to Tournant are (1) whether he violated the federal securities laws as alleged in the Complaint, and, (2) if he did, what remedies the Court should impose (the SEC seeks permanent injunctive relief, an officer and director bar, disgorgement of ill-gotten gains plus prejudgment interest, and civil money penalties).

   iii.  The issues as to Taylor and Bond-Nelson are what amounts of monetary remedies (*i.e.*, disgorgement, prejudgment interest, and civil penalties) the Court should impose.  The SEC anticipates that monetary remedies as to Taylor and Bond-Nelson would be decided after they are sentenced in their parallel criminal cases and liability against Tournant is resolved in this action, so that the SEC may consider any criminal sanctions imposed against Taylor and Bond-Nelson and their cooperation in this action in deciding what monetary remedies to seek against them.

   iv.  Regarding Tournant's allegations in Section 2(b) below that the SEC improperly accessed privileged information or engaged in any misconduct, the SEC denies those allegations.  The SEC notes that, in the ongoing Criminal Case against Tournant (*see* note 2 *infra*), Tournant has raised similar allegations of purported misconduct by the U.S. Attorney's Office, the SEC, and a prominent law firm; those allegations have been fully briefed; and Judge Swain has set control evidentiary hearing dates of April 19-20, 2023 (if a hearing is necessary), to resolve Tournant's allegations.  To the extent that Judge Swain's ruling does not moot or otherwise resolve Tournant's concern, Tournant can pursue this defense in discovery and motion practice in the ordinary course.

b. Tournant

   i.  In addition to the issues summarized by the SEC in Section 2(a) above, there is an additional issue pertaining to the SEC's access to Tournant's privileged information, and the SEC's misconduct in obtaining and using that privileged information during its investigation and in bringing the Complaint.  Tournant reserves the right to raise additional issues with the Court as necessary.

c. Taylor

        i. Taylor settled with the SEC and the issue of what, if any, monetary remedies should be imposed is to be determined at a later date upon motion of the SEC.

    d. Bond-Nelson

        i. As noted, Bond-Nelson settled with the SEC, and the issue of what, if any, monetary remedies should be imposed is something the SEC anticipates being ripe for decision by the Court after sentencing in the parallel criminal cases and liability against Tournant is resolved in this action. That way, the SEC may consider any criminal sanctions and cooperation in this action in deciding what monetary remedies to seek as to Bond-Nelson.[1]

**3. Schedule**[2]

| Event | Date |
|---|---|
| Initial Disclosures | Serve by April 7, 2023 |
| Document Requests, Subpoenas, and Written Discovery | SEC Proposal: Serve no earlier than April 7, 2023<br><br>Tournant Proposal: Serve no earlier than March 16, 2023 |
| Depositions of Fact Witnesses, Including Non-Parties | SEC Proposal: Begin no earlier than June 5, 2023<br><br>Tournant Proposal: Begin no earlier than June 5, 2023, with the exception of depositions concerning Tournant's privilege issues, which may begin earlier |
| Expert Discovery | To be determined at a later scheduling conference after completion of the Criminal |

---

[1] Notwithstanding the information Tournant's and Bond-Nelson's counsel have provided herein, Tournant and Bond-Nelson reserve and does not waive their rights under the Fifth Amendment to the United States Constitution, and nothing herein should be construed as a statement from Tournant or Bond-Nelson.

[2] The Defendants in this civil action are also defendants in criminal cases. *See United States v. Tournant*, No. 1:22-cr-00276-LTS; *United States v. Taylor*, No. 1:22-cr-00149-DLC; *United States v. Bond-Nelson*, No. 1:22-cr-00137-PAE. Taylor and Bond-Nelson have pled guilty but have not yet been sentenced. The criminal case against Tournant (the "Criminal Case") is currently scheduled to begin trial on February 5, 2024.

The schedule proposed by the parties takes into account the status of the Criminal Case and the partial stay in this civil action.

| | |
|---|---|
| • Initial Expert Reports<br>• Rebuttal Expert Reports (if any)<br>• Reply Expert Reports (if any)<br>• Completion of Expert Depositions | Case |
| All Discovery to be Completed | To be determined at a later scheduling conference after completion of the Criminal Case |
| SEC to Supply Pre-Trial Order Materials to Defendants | To be determined at a later scheduling conference after completion of the Criminal Case |
| Parties to Submit Pre-Trial Order, Trial Briefs, Proposed Voir Dire Questions, and Proposed Jury Instructions | To be determined at a later scheduling conference after completion of the Criminal Case |

4. **Anticipated Depositions**

At this time, the parties anticipate that they may take the following depositions. But the parties may take different or other depositions based on developments in discovery and/or the Criminal Case, and reserve the right to modify or supplement their lists accordingly.

a. By the SEC:

  i. Tournant
  ii. Taylor
  iii. Bond-Nelson
  iv. AGI US
  v. Jeff Sheran
  vi. Scott Powell
  vii. Mollie McCurry
  viii. Megan Silva
  ix. Valentin Ivanov
  x. John Donnelly
  xi. Qinzhu Yu
  xii. Chris Grix

4

      xiii. Kevin Hrad

      xiv. Sebastian Sierotnik

      xv. Certain investors in the Structured Alpha funds

      xvi. Any witness listed on any Defendant's initial disclosures

      xvii. Any expert designated by any Defendant

b. By Tournant:

      i. Any witness on the SEC's list or on the SEC's initial disclosures

      ii. Current and former AGI US and/or Allianz employees

      iii. Non-party witnesses, including investors in the Structured Alpha funds

      iv. Any expert designated by the SEC or any other Defendant

      v. Depositions concerning Tournant's privilege issue

c. By Taylor:

      i. Taylor reserves the right to depose any witness designated by another party, including any experts.

d. By Bond-Nelson:

      i. Bond-Nelson reserves the right to depose any witness designated by another party, including any experts.

**5. Limitations on Discovery**

a. On December 12, 2022, this Court stayed discovery in this action "with respect to individuals who have a facial Fifth Amendment privilege against self-incrimination until the Government's criminal case is completed." ECF No. 34 at 1. Thus, at this time, discovery is stayed as to Defendants and other individuals who may assert their Fifth Amendment privilege. For the avoidance of doubt, this limitation applies to all discovery sought from Tournant.

b. The parties agree that each of them may take up to 25 fact witness depositions without seeking leave of Court. The parties reserve the right to seek leave of the Court to take additional depositions in light of developments in discovery and given the large number of Structured Alpha investors and Allianz employees who may have relevant information.

c. Many documents obtained by the SEC during its investigation, which will be

5

> the subject of discovery, were provided by various third-parties. Thus, the SEC requires that a protective order be entered before it produces documents in discovery. The SEC intends to work with Defendants on a mutually agreeable form of protective order, and will then submit it to the Court.
>
> d. At this time, the parties have not agreed on any other limitations on discovery.

**6.    Outstanding Discovery Issues**

The parties are just beginning discovery. To the extent that discovery issues arise, the parties will endeavor to resolve any disputes, and, if necessary, raise any disputes with the Court in the ordinary course.

> a. Tournant

Tournant has requested production from the SEC, on an expedited basis, of the SEC's communications with Allianz, Sullivan & Cromwell LLP, Ropes & Gray LLP, and/or the U.S. Attorney's Office for the Southern District of New York, so that the full extent of the disclosure of Tournant's privileged information to the SEC and the surrounding circumstances can be understood. In addition, Tournant may take depositions concerning the privilege issue on an expedited basis. To the extent that the SEC and Tournant are unable to reach agreement on the scope and timing of the SEC's production and any depositions, Tournant may seek relief from the Court.

The SEC's position that discovery on privilege should not proceed on an expedited basis because of the proceedings in the Criminal Case is without merit, and fails to address the independent issues that the invasion of Tournant's privilege raises in this matter.

Further, Tournant's agreement to 25 fact witness depositions does not include the depositions he may seek to take pertaining to the privilege issue.

> b. SEC

As noted above, the SEC denies Tournant's allegations regarding any impropriety related to privileged information or otherwise. To the extent that Judge Swain does not resolve or moot Tournant's alleged privilege issue in the Criminal Case, it may be dealt with during discovery and motion practice in the ordinary course. Additionally, the SEC does not see any need to proceed on an expedited basis at this time, given that Tournant waited approximately nine months to file his Answer in this case. *See* ECF No. 40.

**7.    Anticipated Fields of Expert Testimony**

At this time, the parties anticipate designating experts in the following areas. But the parties may designate experts in different or other areas based on developments in discovery and/or the Criminal Case, and reserve the right to modify or supplement the below topics accordingly.

> a. The SEC anticipates designating experts in the areas of options trading, investment advisers, investor losses, and proceeds received by Defendants.

> The SEC may designate additional experts to respond to Defendants' experts.
>
> b. Tournant anticipates designating experts in the areas of options trading, securities, investment advisors, and investor losses. Tournant also reserves the right to designate an expert on legal ethics matters.
>
> c. Taylor may designate an expert in connection with any potential monetary remedies sought by the SEC.
>
> d. Bond-Nelson may designate an expert in connection with any potential monetary remedies sought by the SEC.

## 8. Anticipated Length of Trial

The parties requested a jury trial and they anticipate that the trial will last approximately four weeks.

## 9. Alteration or Amendment of This Order

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: March 16, 2023                                    Respectfully submitted,

| | |
|---|---|
| /s/ Timothy K. Halloran | /s/ Seth L. Levine |
| Melissa J. Armstrong (*pro hac vice*) | Seth L. Levine |
| Timothy K. Halloran (*pro hac vice*) | Alison M. Bonelli |
| Securities and Exchange Commission | |
| 100 F Street, NE | LEVINE LEE LLP |
| Washington, DC 20549 | 1500 Broadway, Suite 2501 |
| Tel: 202-551-4724 (Armstrong) | New York, New York 10036 |
| Tel: 202-551-4414 (Halloran) | Telephone: (212) 223-4400 |
| Email: armstrongme@sec.gov | slevine@levinelee.com |
| Email: hallorant@sec.gov | |
| | |
| *Counsel for Plaintiff Securities and Exchange Commission* | Daniel R. Alonso |
| | Christopher Regan |
| | Olivia Rauh |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 1133 Avenue of the Americas, Suite 3100 |
| | New York, New York 10036 |
| | dalonso@orrick.com |
| | |
| | *Counsel for Defendant Gregoire P. Tournant* |

| | |
|---|---|
| /s/ Jonathan R. Streeter<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Email:<br>212-698-3826<br><br>Anthony S. Kelly (*pro hac vice*)<br>1900 K Street, NW<br>Washington, DC 20006<br>Email: anthony.kelly@dechert.com<br>202-261-3495<br><br>*Counsel for Defendant Trevor L. Taylor* | /s/ Adam S. Lurie<br>Douglas J. Davison<br>Stephanie R. Sebastian<br>Linklaters LLP<br>601 13th St NW<br>Washington, DC 20005<br>Email:  adam.lurie@linklaters.com<br>Email: doug.davison@linklaters.com<br>Email:  stephanie.sebastian@linklaters.com<br><br>*Counsel for Defendant Stephen G. Bond-Nelson* |

SO ORDERED:

_____    _____

Hon. Louis L. Stanton                                              Date
United States District Judge