UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                           Plaintiff,<br><br>         v.<br><br>GREGOIRE P. TOURNANT,<br>TREVOR L. TAYLOR, and<br>STEPHEN G. BOND-NELSON,<br><br>                           Defendants. | Case No. 1:22-cv-04016-LLS |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters this stipulated Protective Order for the purpose of assuring the confidentiality of certain information that may be disclosed by the Parties and non-parties in the course of this litigation.

1. As used in this Protective Order:

    a. The term "Action" means this action captioned above.

    b. The terms "Party" and "Parties" mean one or more parties to this Action and their counsel.

    c. The term "Protected Person" means any non-party person or entity, its employees, management, agents, attorneys, and all other persons acting or purporting to act on its behalf who produces any information or testifies in the Action voluntarily or in response to a discovery request or subpoena.

    d. The terms "Document" or "Documents" shall have the definition set forth in Local Civil Rule 26.3.

1

e. The term "Confidential Information" means any Documents or other information believed by the producing Party or non-party to contain confidential, proprietary, commercial, financial, or business information that is not public.

f. The term "Discovery Material" means Documents or information of any kind produced or disclosed pursuant to and in the course of discovery in this Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise.

g. The term "Sensitive Personal Information" means any documents or other information containing one or more of the categories of personal and private documents or information identified in the privacy protection provisions of Fed. R. Civ. P. 5.2. Sensitive Personal Information shall also include medical information.

2. Confidential Information or Sensitive Personal Information disclosed to any Party to this Action or its counsel during the course of this Action:

a. Shall be used by the Parties only for purposes of this Action and/or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS), including any appeal or enforcement of any order or judgment entered in this Action or in *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS);

b. Shall not be used by the Parties for any business or commercial purpose;

c. Shall not be published to the public in any form by the Parties except as permitted by Paragraph 5 below;

d. May be disclosed only to the following persons, on an as-needed basis in the course of the litigation, with reasonable precautions taken to insure the confidentiality of the information:

(i) a Party;

(ii) Employees or contractors of any law firm that represents a Party, including attorneys as well as secretarial, clerical, paralegal, legal or student personnel and any person or entity with whom a Party contracts to reproduce or manage documents;

(iii) Prospective witnesses (and counsel to those witnesses) for purposes of this Action or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS);

(iv) A document's author(s), recipient(s), and/or copyee(s);

(v) Current and former employees of the producing Party or non-party;

(vi) The Court overseeing this Action or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS) and Court employees or contractors working on this Action or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS);

(vii) Any mediator that the parties engage in this Action or that this Court appoints;

(viii) Independent (non-employee) consultants, expert witnesses, or advisors retained by any of the Parties in connection with this Action or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS);

(ix) Court reporters or stenographers engaged to record deposition, hearing, or trial testimony, and their employees; and

(x) Such other persons as hereafter may be authorized by either written consent of all the Parties, the original producing Party or non-party, or the Court upon motion of a Party.

3. A copy of this Protective Order shall be delivered to each of the named Parties or persons within paragraph 2.d above, with the exception of the Court and its employees, to whom a disclosure of Confidential Information or Sensitive Personal Information is made, at or before the time of disclosure, by the Party making the disclosure. The provisions of this Protective Order shall be binding upon each such Party or person to whom disclosure is made.

4. The provisions of this Protective Order shall not be construed as preventing:

    a. Any disclosure of Confidential Information or Sensitive Personal Information to any Party;

    b. Any disclosure of Confidential Information or Sensitive Personal Information to any judge, magistrate, or employee of this Court for any purpose in connection with this Action or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS); or

    c. Any disclosure of Confidential Information or Sensitive Personal Information for the purpose of enforcement of any criminal law pursuant to a subpoena, court order, or as otherwise required by law.

5. This Protective Order does not prevent the public filing or disclosure of any Confidential Information in any hearing, proceeding, or trial, or to any judge or magistrate judge, for purposes of this Action or *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS). Any Sensitive Personal Information that is filed with the Court shall be redacted in accordance with Federal Rule of Civil Procedure 5.2.

6. The provisions applicable to Sensitive Personal Information (set forth in Paragraphs 2-5 above) shall apply to those Documents obtained by Plaintiff Securities and Exchange Commission ("SEC") during its pre-filing investigation, regardless of whether those Documents have been otherwise designated as Confidential pursuant to the terms of this Order.

7. Designation of Confidential Information:

    a. A Party or Protected Person may designate as confidential any information in its possession or control that it produces or provides to any Party, whether voluntarily or under compulsory process, in connection with this Action, to the extent that such information constitutes Confidential Information as defined in Paragraph 1(e) of this Order.

    b. Such designation constitutes a representation to the Court that such Party or Protected Person (and counsel, if any) in good faith believes that the information is Confidential Information as defined in Paragraph 1(e). Any production of information without being designated as Confidential Information will not thereby be deemed a waiver of any future claim of confidentiality concerning such information. If, at any time prior to the trial of this Action, a Party or Protected Person realizes that some portion(s) of Discovery Material that s/he or it had previously produced should be designated as Confidential Information, s/he or it may so designate by apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential Information under the terms of this Order.

    c. A Party or Protected Person seeking to designate Documents or information that it produces or provides in this Action as Confidential Information must stamp or label the face of each appropriate document with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility. If the entire document is not confidential, the Party or Protected Person shall specify the portions of the document that it asserts contain Confidential Information.

    d. With respect to deposition transcripts, a producing person or entity or that person's or entity's counsel may designate such portion as Confidential Information either by (i)

indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER"; or (ii) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded or ten days after notice from the court reporter that the transcript has been prepared, whichever is later, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the producing person or entity or that person's or entity's counsel by the reporter.  During the 30-day period following the conclusion of a deposition or alternative 10-day period following notice of the preparation of the transcript, the parties will treat the deposition transcript as if it had been designated Confidential Information in its entirety.

      8.      Challenges by a Party to Designation as Confidential Information:

           a.      Any Party may, at any time, seek to exempt any Documents or Discovery Material as Confidential Information from the provisions of this Protective Order.  Before filing any motion with the Court, the objecting Party shall notify the designating Party or Protected Person in writing of its objection and shall meet and confer with the designating Party or Protected Person in a good faith effort to resolve the objection by agreement.  The Document or Discovery Material shall be treated as Confidential Information and shall remain subject to this Order until the sooner of the following: (i) an agreement is reached between the objecting Party and the designating Party or Protected Person or (ii) 11:59 p.m. Eastern time on the third business day after the designating Party or Protected Person received notice of the objection, if

the designating Party or Protected Person has not informed the objecting Party by that time that it intends to maintain the applicability of this Order.

      b.     If agreement is reached to exempt from the provisions of this Order any Documents or other information subject to the objection, the designating Party or Protected Person shall serve on all Parties a notice specifying the documents or information and the nature of the agreement.

      c.     If agreement is not reached, and the designating Party or Protected Person has timely informed the objecting Party that it intends to maintain the applicability of the Order, the designating Party or Protected Person shall make a motion to prevent disclosure within five (5) business days of receiving notice of the objection, or within such longer period as the Court may order or the objecting Party may agree.  The designating Party or the Protected Person's motion must articulate with particularity the basis for the nondisclosure of the Documents or Discovery Material that the objecting Party has challenged.  Failure of the designating Party or Protected Person to make such a motion will constitute agreement to exempt the Documents or Discovery Material at issue from the provisions of this Protective Order.

9.     This Protective Order shall not:

      a.     Operate as an admission by any Party that any particular Document or Discovery Material contains Confidential Information or Sensitive Personal Information;

      b.     Prejudice in any way the right of a Party to seek a Court determination of whether such material should be subject to the terms of this Protective Order;

      c.     Prevent a Party or non-party's disclosure of its own Confidential Information or Sensitive Personal Information; or

    d.  Prejudice in any way the right of any Party or Protected Person to apply to the Court for a further protective order relating to any other Confidential Information or Sensitive Personal Information.

  10.  Nothing in this Protective Order shall be construed to limit the SEC's ability to engage in any actions described in SEC Forms 1661 or 1662, or limit a Party's ability to comply with any other statutory, regulatory, or legal obligations.

  11.  Nothing in this Protective Order shall prevent a Party from using or sharing information or documents that a Party obtained or obtains from other sources, even if that information or those documents are duplicative of the materials produced pursuant to this Protective Order.

Dated:  June 7, 2023      **STIPULATED BY**:

| | |
|---|---|
| /s/ Melissa J. Armstrong<br>Melissa J. Armstrong (*pro hac vice*)<br>Timothy K. Halloran (*pro hac vice*)<br>Securities and Exchange Commission<br>100 F Street, NE<br>Washington, DC 20549<br>Tel:  202-551-4724 (Armstrong)<br>Tel:  202-551-4414 (Halloran)<br>Email:  armstrongme@sec.gov<br>Email:  hallorant@sec.gov<br><br>*Counsel for Plaintiff Securities and Exchange Commission* | /s/ Seth L. Levine<br>Seth L. Levine<br>Alison M. Bonelli<br>LEVINE LEE LLP<br>1500 Broadway, Suite 2501<br>New York, New York 10036<br>Tel: (212) 223-4400<br>Email:  slevine@levinelee.com<br><br>Daniel R. Alonso<br>Christopher Regan<br>Olivia Rauh<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1133 Avenue of the Americas, Suite 3100<br>New York, New York 10036<br>Email:  dalonso@orrick.com<br><br>*Counsel for Defendant Gregoire P. Tournant* |
| /s/ Jonathan R. Streeter<br>Jonathan R. Streeter<br>Dechert LLP | /s/ Adam S. Lurie<br>Adam S. Lurie<br>Douglas J. Davison |

8

<div style="display: flex;">

<div>

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel:  212-698-3826
Email:  jonathan.streeter@dechert.com

Anthony S. Kelly (*pro hac vice*)
Dechert LLP
1900 K Street, NW
Washington, DC 20006
Tel:  202-261-3495
Email:  anthony.kelly@dechert.com

*Counsel for Defendant Trevor L. Taylor*

</div>

<div>

Stephanie R. Sebastian
Linklaters LLP
601 13th St NW
Washington, DC 20005
Tel:  202-654-9244
Email:  adam.lurie@linklaters.com
Email:  doug.davison@linklaters.com
Email:  stephanie.sebastian@linklaters.com

*Counsel for Defendant Stephen G. Bond-Nelson*

</div>

</div>

**SO ORDERED**:

_____     _____

Hon. Louis L. Stanton                                          Date
United States District Judge