ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/25

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GREGOIRE P. TOURNANT,
TREVOR L. TAYLOR, and
STEPHEN G. BOND-NELSON,

Defendants.

No. 1:22-cv-4016 (LLS)

---

## FINAL JUDGMENT AS TO DEFENDANT GREGOIRE P. TOURNANT

The Securities and Exchange Commission having filed a Complaint and Defendant Gregoire P. Tournant ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

1

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

2

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2), by, while acting as an investment adviser, by the use of any means or instruments of interstate commerce, directly or indirectly:

(a)    employing any device, scheme, or artifice to defraud any client or prospective client; or

(b)    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 promulgated thereunder,

17 C.F.R. § 275.206(4)-8, by acting as an investment adviser and, directly or indirectly:

(a)    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b)    otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $17,577,908.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's obligation to make this payment shall be deemed satisfied by entry of the restitution/forfeiture order in the related criminal case, *United States v. Gregoire Tournant*, Case No. 22-cr-276 (LTS) (S.D.N.Y.), ordering Defendant to forfeit $17,577,908.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

4

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: **November 26, 2025**    **Louis L. Stanton**
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GREGOIRE P. TOURNANT,
TREVOR L. TAYLOR, and
STEPHEN G. BOND-NELSON,

Defendants.

No. 1:22-cv-4016

---

## CONSENT OF DEFENDANT GREGOIRE P. TOURNANT

1.      Defendant Gregoire P. Tournant ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the Complaint in this action. Specifically, in *United States v. Gregoire Tournant*, Case No. 22-cr-276 (LTS) (S.D.N.Y.) ("Criminal Case"), Defendant pleaded guilty to investment adviser fraud in violation of 15 U.S.C. § 80b-6 and 15 U.S.C. § 80b-17, based on certain of the same conduct alleged in the Complaint in this matter. In connection with that plea, Defendant acknowledged the facts set out in the transcript of his plea hearing, attached hereto as Exhibit A. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in the Criminal Case.

1

3.      Defendant hereby consents to the entry of final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a)  permanently restrains and enjoins Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8;

   (b) orders that Defendant is liable for disgorgement in the amount of $17,577,908, which is deemed satisfied by the restitution order in the related Criminal Case requiring him to forfeit $17,577,908 (*see* Amended Judgment, Criminal Case ECF No. 179).

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

2

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of

3

the Complaint in this action.

11.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provide in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea in the Criminal Case for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the

4

Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted after the Final Judgment is entered.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated:    JULY 3, 2025

Gregoire P. Tournant

On  July 3  , 2025, Gregoire P. Tournant, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

JOANNA KAROLINA GRACZYNSKI
NOTARY PUBLIC - STATE OF COLORADO
Notary ID #20214040364
My Commission Expires 10/12/2025

Notary Public
Commission expires:    10/12/2025

Approved as to form:

Seth L. Levine
LEVINE LEE LLP
400 Madison Ave.
New York, New York 10017
Telephone: (212) 223-4400
slevine@levinelee.com

Attorney for Defendant Tournant

6